**SAMOA SHARKFIN TRADING CO., Plaintiff**

**v.**

**HO PYO HONG, Defendant.**

High Court of American Samoa
Trial Division

CA No. 149-95

November 19, 1997

Before: KRUSE, Chief Justice, AFUOLA, Associate Judge, and
ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Aumoeualogo S. Salanoa
For Defendant, Charles V. Ala`ilima

## DECISION AND ORDER

Plaintiff Byung Soo Ki, dba Samoa Sharkfin Trading Co. ("Ki"), and
defendant Ho Pyo Hong ("Hong") were at all relevant times shark fin
dealers. They each bought shark fins from different oriental fishing
vessels that called into the Territory, and they each prepared and
exported the same off-island. In 1991, they merged operations to
transact business with the fishermen as a single dealer, thus eliminating
competition with one another. At the time, Hong had a virtually
exclusive franchise to provision the fishing vessels of the Korea Deep
Sea Fisheries Association ("KDSFA"). As a result, he had an edge over
any rivals in the sharkfin business because he had ready access to the
fishing boats of KDSFA. Ki, on the other hand, seemed to have greater
access to the large quantities of the front money needed to acquire
product.

143

A division of labor developed between the parties as Hong did the purchasing, cutting, drying, and preparation of the shark fins for export while Ki provided Hong the funds, in cash, to buy product from the fishermen and attended to the actual off-island selling, primarily to a buyer in Hong Kong. The mechanics of the parties' business was as follows: Hong would ask Ki for a certain sum of money to buy product whenever a fishing vessel was expected in port. Hong would later deliver the export-ready commodity to Ki for shipment off-island. From the proceeds of sale, Ki would first deduct the sum advanced to Hong in the first place and then the net, if any, was divided between them. According to Hong, he gained on some consignments and lost on others.

The business relationship lasted for two years, coming to an end after a falling out between Hong and KDSFA that culminated in a protracted, tedious lawsuit (*see Korea Deep Sea Fisheries Association v. Hong*, 31 A.S.R.2d 80 (Trial Div. 1996)) and the cessation of Hong's access to KDSFA's fishing vessels. Today, the parties are before the court on Ki's claim that $100,782.51 in cash advances made to Hong remain outstanding following the termination of their business relationship.

Ki claims that on October 21, 1991, he gave KDSFA's manager, In Saeng Lee ("Lee"), the sum of $50,000 at the request of Hong. He additionally claims that, on November 2, 1991, he also advanced to Lee the sum of $20,000 at Hong's request. Neither advance resulted in the purchase of shark fins. The balance of Ki's claim is his reckoning of net proceeds which he had advanced to Hong for shark fins but for which no product was acquired.

Hong contests owing Ki the $50,000 payment and $20,000 payment which the latter made to Lee. He flatly denies ever asking Ki to advance Lee such sums. As to the balance of Ki's claim, Hong while not disputing Ki's accounting, claims accord and satisfaction pursuant to an agreement that he and Ki had concluded after they had parted company. Hong's testimony is that Ki had agreed to retire the debt in exchange for Hong's transfer of his shark fin equipment to Ki and his forbearance from the shark fin industry. Hong testified that he additionally gave Ki a brand new retail refrigeration cooler. He further testified that he has, until recently, stayed out of the sharkfin business for the past five years.

## Discussion

We find ourselves yet again immersed in that nebulous business environment of hand shakes and substantial cash dealings, where usual paper trails of checks, receipts, invoices, etc. are non existent and record keeping, if any, is purposefully secretive. Nonetheless we must decide

144

between these totally competing parol claims and attempt to achieve justice.

■ We find that the evidence weighs in favor of Ki with regard to his $50,000 claim, the amount he testified he gave to Lee at Hong's behest. Although Hong denied under oath that he ever asked Ki to advance such a sum of money to Lee, he seems to have forgotten that he had previously tried to claim this very amount from KDSFA in a separate law suit. *See Korea Deep Sea Fisheries Association v. Hong*, 31 A.S.R.2d 80 (Trial Div. 1996). In his claim regarding loans he had made to KDSFA, Hong's accounting presented to the court in CA No. 78-92, contained the following entry:

> 12. OCT.21,1991 This amount is the cash check lent to Mr. Lee, In Saeng after *I borrowed the check from Samoa Shark's Fins Trading Co.* and then issued it as Korea Deep Sea account of Lee, In Saeng when he urgently requested me to make a loan. $50,000.00

(emphasis added). We accept this admission as corroborative of Ki's $50,000 item of claim. He shall have judgment accordingly.

■ With regard to Ki's remaining items of claim, the $20,000 advance to Lee and the remaining $30,782.51 balance, we find for Hong. Not only has Ki failed to sufficiently substantiate his $20,000 claim, but we accept Hong's version of facts as to his claim of accord and satisfaction achieved between he and Ki on the $30,782.51 indebtedness. Although Ki denies any post-termination settlement with Hong, he does not dispute the fact that Hong had given him equipment for shark fin preparation as well as a brand new cooler. Nor does Ki dispute the fact that Hong has stayed away from the sharkfin business until he decided to sue Hong. What Ki now attempts to assert, however, is inadequate value for his money. He argues that the sharkfin equipment needed repairs to the extent of $3000, although he is still using the same to date. He further attempts to downplay the value of the cooler by claiming that he has always been able and willing to pay for the cooler, but has not done so because Hong has not given him an invoice.

■ Not only does Ki's version of the facts sound less believable, but his "inadequacy of value" argument is legally unsound. He may not be relieved of his contract with Hong simply because he now feels that he has made a bad bargain and got the short end of the stick. *Development Bank of American Samoa v. Ilalio*, 5 A.S.R.2d 1, 5 (Trial Div. 1987).

On the foregoing, we conclude that Hong is indebted to Ki in the sum of $50,000. Judgment will enter accordingly for Ki against Hong.